11-3686                                              BIA
Zhou-Xiao v. Holder                              Ferris, IJ
A099 523 291

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT:
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

Xiao Wang Zhou,*
        *Petitioner,*

                                        11-3686
        v.                              NAC


ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Edward J. Cuccia, Ferro & Cuccia
                       Esq., New York, New York.

_____

* The Clerk of Court is directed to amend the official caption as shown above.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y.F. Sarko, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Wang Zhou, a native and citizen of China, seeks review of a August 16, 2011, decision of the BIA affirming the July 29, 2009, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wang Zhou-Xiao*, No. A099 523 291 (B.I.A. Aug. 16, 2011), *aff'g* No. A099 523 291 (Immig. Ct. N.Y. City July 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because Zhou has not challenged the agency's denial of CAT relief, we address only the agency's denial of asylum

and withholding of removal.  Furthermore, the Government challenges Zhou's failure to exhaust his argument that he demonstrated other resistance because his wife had an intrauterine device ("IUD") forcibly inserted in October 2000, and he and his wife knowingly defied China's family planning policy by having the IUD removed and attempting to have a second child.  We therefore decline to consider the argument.  *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118-20 (2d Cir. 2007) (noting that the issue exhaustion requirement, though not jurisdictional, is "mandatory" where raised by the Government).

As to the merits of Zhou's asylum claim, the agency reasonably determined that Zhou failed to establish past persecution.  Zhou asserted that government officials harassed him and threatened to sterilize him unless his wife had an IUD inserted.  The agency reasonably found that this mistreatment did not rise to the level of persecution, as Zhou did not assert that he had ever been arrested, detained, physically assaulted, or sterilized, and unfilled threats generally are insufficient to qualify as persecution.  *See Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per curiam) (noting that courts have "rejected [persecution] claims involving 'unfulfilled'

3

threats"); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (explaining that "persecution does not encompass mere harassment.").

The agency also reasonably determined that Zhou failed to establish a well-founded fear of future persecution because the Chinese officials' motivation for the threats and harassment—requiring his wife to have an IUD in order to comply with the family planning policy—no longer exists, as his wife agreed to have an IUD in order to enroll their son in school. Zhou's assertion that he faces future persecution due to his past actions to avoid the family planning policy is belied by the fact that his wife has faced no reprisals for her actions to avoid the same policy. *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, petitioner's claim of well-founded fear was diminished). Moreover, as the BIA determined, the 2007 State Department Country Report for China does not show that authorities use measures amounting to persecution to enforce the family planning policy in Zhou's home province of Fujian, and Zhou has not challenged that conclusion. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (explaining that State

Department country profiles are "probative," but cautioning that such reports "do not automatically discredit contrary evidence presented by the applicant, and are not binding on the immigration court") (internal quotation marks and alteration omitted). Because Zhou failed to allege past harm rising to the level of persecution or an objectively reasonably fear of future persecution, as needed to make out an asylum claim, and because the same factual predicate exists for both his asylum claim and his withdrawal claim, he is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5